NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCINDA CEJA CABADAS; NOEL
JOSUE CISNEROS CEJA; DANNA
PAOLA CISNEROS CEJA; SAUL
ADALBERTO CISNEROS CEJA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-2318

Agency Nos.
A208-605-640
A208-605-641
A208-605-642
A208-605-643

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2024**
San Francisco, California

Before: GOULD and BUMATAY, Circuit Judges, and COLLINS, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Lucinda Ceja Cabadas, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") for herself and her children, who are derivatives of this petition. Because the BIA affirmed the IJ's decision by citing *Matter of Burbano* while adding its own commentary, we review both decisions. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022). We review the legal determinations *de novo* and the factual determinations for substantial evidence. *Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018); *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. The agency denied Ceja Cabadas's applications for asylum and withholding of removal, and substantial evidence from the record does not compel a conclusion to the contrary. Ceja Cabadas proposed three particular social groups ("PSGs"): (1) Mexican Women Who Have Actively Opposed the Recruitment of Their Children; (2) Mexican Women Who Have Cooperated with Law Enforcement Against Criminal Organizations/Gangs; and (3) Ceja Cabadas's Family Group Membership. The agency concluded that the proposed PSGs are "amorphous, overbroad, and diffuse," and we agree. Even if the first two groups were cognizable, the IJ found that Ceja Cabadas did not present evidence

suggesting that she had opposed the recruitment of her children into a gang or cartel, or that any cartel members were aware that Ceja Cabadas had reported their three threatening phone calls to the police. Substantial evidence in the record does not compel a conclusion to the contrary. 8 U.S.C. § 1252(b)(4)(B). As such, Ceja Cabadas cannot show that she belonged to either proposed PSG. *See also Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010); *cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Moreover, Ceja Cabadas's third proposed PSG, family group membership, was not exhausted before the BIA. 8 U.S.C. § 1252(d)(1); *see Santos-Zacaria v. Garland*, 598 U.S. 411, 417–19 (2023); *see also Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). Similarly, to the extent that Ceja Cabadas proposes a "victims of gang violence" group in her petition to this panel, we cannot review this claim given that her application for asylum did not include this PSG such that the agency never considered it. 8 U.S.C. § 1252(d)(1); *see Santos-Zacaria*, 598 U.S. at 417–19.

Because the record does not compel the conclusion that Ceja Cabadas belongs to a cognizable PSG, she cannot meet the nexus requirement to show that the three unfulfilled threats she received from the Knights Templar were on account of her membership to a PSG. In any case, neither "harassment by criminals motivated by theft" nor "random violence by gang members" bear a

nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (citation omitted).

The petition's inability to meet the asylum standard necessarily means that the petition cannot meet the withholding-of-removal standard. *See Navas v. INS,* 217 F.3d 646, 663 (9th Cir. 2000).

2. The agency did not err by denying Ceja Cabadas's CAT claim. Under the CAT, a petitioner has the burden of proving that it is more likely than not that she would be tortured if removed to the proposed country of removal. 8 U.S.C. § 208.16(c)(2). A petitioner must show that the torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." 8 U.S.C. § 208.18(a)(1). "Acquiescence" requires awareness of the activity prior to its occurrence and a breach of official legal responsibility to intervene to prevent the activity. 8 C.F.R. § 1208.18(a)(7). "No person will be deemed to have breached a legal responsibility to intervene if such person is unable to intervene, or if the person intervenes but is unable to prevent the activity that constitutes torture." *Id.*

The record indicates that the agency contemplated the likelihood of torture not only to Ceja Cabadas but also to her three children based on the agency's consideration of the content of the cartel's threats. Substantial evidence does not compel a contrary conclusion. While the record shows that Ceja Cabadas reported

23-2318

the cartel's threats to Mexican law-enforcement officials, substantial evidence does not compel the conclusion that any individuals acting in an official capacity would instigate or acquiesce to the harm threatened by the cartel rising to the level of torture. 8 U.S.C. § 208.18(a)(1); 8 C.F.R. § 1208.18(a)(7); *see B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (where "demoralizing ineffectiveness" to combat cartel activity "[did] not prove that the Mexican government would acquiesce in the torture of its citizens at the hands of cartels"); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). The agency properly concluded that Petitioners did not show that they are more likely than not to be tortured upon removal.

**PETITION DENIED.**